# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | **CRIMINAL ACTION** |
| | ) | **NO. 07-CR-0258** |
| | ) | |
| GREGORY JONES, | ) | |
| | ) | **FILED** |
| LLOYD WASHINGTON, JR., and | ) | |
| | ) | JUN 30 2009 |
| RONALD CRAWFORD, | ) | |
| | ) | MICHAEL E. KUNZ, Clerk |
| Defendants. | ) | By_____Dep. Clerk |

---

## MEMORANDUM OPINION & ORDER

RUFE, J.                                                              June __, 2009

The Third Superseding Indictment in this matter charges Defendants Gregory Jones,
Lloyd Washington, Jr. and Ronald Crawford each with one count of conspiracy to distribute five
kilograms or more of cocaine (Count One), and one count of attempted possession with intent to
distribute five kilograms or more of cocaine, and aiding and abetting the same (Count Two).[1]
Defendant Crawford is also charged with knowingly possessing a firearm in furtherance of a drug
trafficking crime (Count Three).[2]  The Government filed its Fourth Motions *in Limine* seeking to
admit testimony at trial from two cooperating witnesses, herein referred to as Person #5 and
Person #6.[3]  Defendants Jones and Washington contend that this evidence should be precluded

---

[1] Third Superseding Indictment [Document No. 226], Count One and Count Two.

[2] Id., Count Three.

[3] Gov't's Fourth Mot. *in Limine* to Admit Testimony from Person #5 and #6 [Document No. 222] ("Gov't Mot.").

under Rules 403 and 404 of the Federal Rules of Evidence.[4]

The Government's Motion seeks to admit the following testimony from Person #5: (1) Defendant Jones pooled money with Person #5 and Person #6 to ship cocaine into Philadelphia by using Federal Express; (2) Person #5 taught Defendant Jones how to execute the system used by Person #5 and Person #6 for shipping cocaine through Federal Express by using corporate accounts and fake names; (3) Defendant Jones received Federal Express packages containing cocaine at Defendant Jones's home and the apartment used by Person #5 and Person #6; and (4) Person #5 would meet Defendant Jones at the Tender Touch Lounge, where Person #5 saw Defendant Jones and Defendant Washington conducting drug transactions.[5]

The Government's Motion also seeks to admit the following testimony from Person #6: (1) Person #5 and Person #6 used Federal Express to ship cocaine into the Philadelphia area; (2) Defendant Jones was a cocaine customer of Person #5; (3) Defendant Jones often stopped by the apartment used by Person #5 and Person #6 to pick up kilograms of cocaine; (4) after Defendant Jones's arrest in this case, Defendant Jones told Person #6 that Defendant Jones was arrested in his house when Defendant Jones was with a girl, and that the police took money and watches from Defendant Jones's house; (5) after Defendant Jones's arrest in this case, Defendant Jones asked Person #6 if Person #5 was cooperating with law enforcement, and if Person #5 was responsible for Defendant Jones's arrest; (6) Defendant Jones had a connection with a rental car company that enabled Defendant Jones, Person #5 and Person #6 to get rental cars; and (7)

---

[4] Def. Lloyd Washington, Jr.'s Mem. of Law in Opp'n to the Gov't's Fourth Mot. *in Limine* to Admit Testimony from Persons #5 and #6 [Document No. 249] ("Def. Washington's Resp."); Mot. and Mem. of Law in Support of Def., Gregory Jones, Pre-Trial Mots. Pursuant to Fed. R. Crim. P. 12 and Resps. to the Gov't's Mots. *in Limine* 1 Through 4 Inclusive [Document No. 261] ("Def. Jones's Resp.") at 9-10.

[5] Gov't Mot. at 1-2.

Person #6 would often see Defendant Jones at a bar near the Kentucky Fried Chicken at 19th

Street and Hunting Park Avenue in Philadelphia, Pennsylvania, otherwise known as the Tender

Touch Lounge.[6]

### A.    Standard under Federal Rule of Evidence 404(b)

Rule 404(b) governs the admissibility of evidence of "other crimes, wrongs, or acts."  It

provides, in relevant part, as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the
> character of a person in order to show action in conformity therewith.  It
> may, however, be admissible for other purposes, such as proof of motive,
> opportunity, intent, preparation, plan, knowledge, identity, or absence of
> mistake or accident . . . .[7]

Thus, Rule 404(b) "proscribes the admission of evidence of other crimes when offered to prove

bad character."[8]  Yet, the Third Circuit Court of Appeals has "recognized that 'Rule 404(b) is a

rule of inclusion rather than exclusion.'"[9]  The admission of Rule 404(b) evidence is favored

when such evidence "is relevant for any other purpose than to show the defendant's propensity to

commit the charged offense."[10]  This rule is not implicated, however, by evidence "offered as

direct proof of the crime charged."[11]  Rule 404(b) applies only to evidence that proves "other

acts," not to evidence that is "circumstantial proof of the very conspiracy with which [a

---

[6] Id. at 2.

[7] FED. R. EVID. 404(b).

[8] United States v. Gibbs, 190 F.3d 188, 217 (3d Cir. 1999).

[9] United States v. Daraio, 445 F.3d 253, 263 (3d Cir. 2006) (citing United States v. Givan, 320 F.3d 452, 460 (3d Cir. 2003)).

[10] Daraio, 445 F.3d at 263 (citations omitted).

[11] United States v. Stewart, 325 F. Supp. 2d 474, 493 (D. Del. 2004) (citing Givan, 320 F.3d at 463).

3

defendant is] charged."[12]

To determine the admissibility of Rule 404(b) evidence, the following test is applied: "'(1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted.'"[13]  In order for evidence to be admitted under Rule 404(b), the government must first "proffer a logical chain of inference consistent with its theory of the case."[14]  The district court must then "articulate reasons why the evidence also goes to show something other than character."[15]  A "mere list of the purposes found in Rule 404(b) is insufficient."[16]  Instead, the court must "put a chain of inferences into the record, none of which is the inference that the defendant has a propensity to commit this crime."[17]

### B.    Evidence Admissible Without a Rule 404(b) Analysis

The Court first notes that a Rule 404(b) analysis is not necessary before the Court can admit two portions of Person #6's testimony.  Hence, the evidence will be admitted if it is relevant and if its probative value is not substantially outweighed by its potential for unfair prejudice.  As a general rule, relevant evidence is admissible.[18]  Evidence is relevant if it has "any

---

[12] See United States v. Betts, 16 F.3d 748, 757 (7th Cir. 1994); Stewart, 325 F. Supp. 2d at 493.

[13] Daraio, 445 F.3d at 264 (quoting Givan, 320 F.3d at 460).

[14] United States v. Sampson, 980 F.2d 883, 888 (3d Cir. 1992).

[15] Id.

[16] Id.

[17] Id.

[18] FED. R. EVID. 402.

4

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[19] This is a very low threshold of admissibility.[20] Yet, the evidence may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[21] Evidence is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[22] In weighing the probative value of evidence against its potential for undue prejudice, the district court should place on the record the reasons for its decision to admit or exclude the evidence unless it is otherwise apparent from the record.[23]

First, the Court will admit, without a Rule 404(b) analysis, Person #6's testimony that Defendant Jones told him he was arrested in his Mullica Hill residence while with a girl and that the police took money and watches from his house. The Court granted the Government's First Motion *in Limine* to admit evidence of the money and watches found at the time of Defendant Jones's arrest as evidence of the proceeds of the charged drug trafficking conspiracy, and therefore direct proof of the conduct charged.[24] Thus, Person #6's testimony in this regard is relevant and probative to show control of and a proprietary interest in the Mullica Hill residence,

---

[19] FED. R. EVID. 401.

[20] Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc., 797 F.2d 1222, 1244 (3d Cir. 1986).

[21] FED. R. EVID. 403.

[22] FED. R. EVID. 403 advisory committee's note.

[23] See United States v. Himelwright, 42 F.3d 777, 781 (3d Cir. 1994).

[24] Mem. Op. and Order, June 26, 2009 [Document No. 284] at 5, 8-10.

as well as the money and watches confiscated therefrom.  The testimony in question is also direct proof of the charged conspiracy, rather than evidence of some other acts.  Hence, a Rule 404(b) analysis is unnecessary.  Moreover, this evidence presents no danger of unfair prejudice, as the only prejudice from this evidence arises simply from its probative value.  Thus, Defendant Jones's post-arrest statement to Person #6, like the money and watches, will be admitted as direct proof of the charged crimes and without a Rule 404(b) analysis.

Second, Person #6's testimony regarding Defendant Jones's connection with a rental car company is direct proof of the conduct charged.  Neither the Government nor the defendants mention any involvement with rental cars in relation to the prior conspiracy between Defendant Jones, Person #5 and Person #6.  Yet, such testimony is certainly relevant to the crimes with which Defendant Jones is now charged, as they did involve rental cars.  Moreover, the Court discerns no reason why such evidence would induce a jury to render a verdict on an improper basis.  Thus, this testimony will be admitted because it is relevant and its probative value is not substantially outweighed by its potential for unfair prejudice.

### C.    Evidence Admissible Under Rule 404(b)

For the remainder of the testimony of Person #5 and Person #6, the Court will conduct a full analysis under Rule 404(b) to determine its admissibility.  The Government offers the testimony of Person #5 and Person #6 to establish that Defendant Jones was "previously involved in the shipment of cocaine into Philadelphia via another commercial mail carrier—Federal Express—using corporate accounts and fake names."[25]  This fact, the Government argues, shows Defendant Jones's "knowledge and intent to commit the charged conspiracy as well as a common

---

[25] Gov't Mot. at 5.

plan between the prior bad acts and the charged conspiracy."[26]  Similarly, the Government

proffers the use of the Tender Touch Lounge by Defendants Jones and Washington to conduct

drug transactions both prior to and during the charged conspiracy as "evidence of their common

plan and their relationship as co-conspirators."[27]  Thus, in offering the testimony of Person #5

and Person #6, the Government seeks to show knowledge and intent on the part of Defendant

Jones, a common plan between the charged and prior conspiracies and the relationship between

Defendants Jones and Washington.[28]

"Evidence of prior bad acts may be admitted for the purpose of demonstrating the

defendant's knowledge in the later offense with which he is charged."[29]  Defendant Jones's

participation in a prior drug conspiracy is evidence of whether Defendant Jones acted "with

'knowledge of the facts that constitute the [current] offense;'"[30] his awareness that he was

possessing a controlled substance with the intent to distribute;[31] and whether he "knew that the

substance in which he trafficked was a controlled substance."[32]  In other words, evidence of

Defendant Jones's participation in a prior conspiracy is relevant to and admissible to demonstrate

---

[26] Id.

[27] Id.

[28] It should be noted that in his Response, Defendant Washington misconstrues the purpose for which the Government is offering the testimony of Person #5 and Person #6. Defendant Washington argues that "since there is no evidence that Mr. Washington played a role in the uncharged conspiracy, the proffered evidence does not tend to prove that he had the knowledge or intent to play a similar role in the charged conspiracy." (Washington Resp. at 4.) Yet, the Government does not seek to demonstrate knowledge or intent on the part of Defendant Washington with this testimony. Thus, the Court finds Defendant Washington's argument unpersuasive and without merit.

[29] United States v. Vega, 285 F.3d 256, 261 (3d Cir. 2002).

[30] United States v. Barbosa, 271 F.3d 438, 457-58 (3d Cir. 2001).

[31] Id. at 458.

[32] Id.

knowledge of the one currently alleged.

With regard to intent, the Government must prove that Defendant Jones had the intent to distribute, i.e. that he had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.[33] Participation in a prior conspiracy is an action by a defendant that can be considered by a jury when determining what was in a defendant's mind at the time of the charged conduct, i.e. what was a defendant's intent.[34] Thus, Defendant Jones's participation in a prior conspiracy can be admitted as evidence of a defendant's intent.[35]

With regard to admitting this Rule 404(b) evidence as proof of a common plan, "when courts speak of 'common plan or scheme,' they are [ordinarily] referring to a situation in which the charged and the uncharged crimes are parts of a single series of events."[36] Yet, evidence may also be admitted to prove a common plan or scheme when the similarities between the charged and uncharged conduct are "sufficiently similar to earmark them as the handiwork of the same actor."[37] The Court notes that "Rule 404(b) evidence is especially probative when the charged offense involves a conspiracy."[38] As a result, "the Government has broad latitude to use 'other

---

[33] See Model Third Circuit Criminal Jury Instruction § 6.21.841-5.

[34] Id.; see also Model Third Circuit Criminal Jury Instruction § 6.21.841-4 (noting that evidence of what a defendant did or failed to do and how defendant acted can be considered as evidence that may prove what was in the defendant's mind at the time of the charged conduct).

[35] See Vega, 285 F.3d at 261 n.1; United States v. Butch, 256 F.3d 171, 177 n.5 (3d Cir. 2001)

[36] Gov't of the Virgin Islands v. Pinney, 967 F.2d 912, 916 (3d Cir. 1992).

[37] Id.

[38] United States v. Cross, 308 F.3d 308, 324 (3d Cir. 2002).

acts' evidence to prove a conspiracy."[39]

Here, the Government does not argue that the actions attributed to Defendant Jones by Person #5 and Person #6 are part of a "single series of events" with the charged conduct. Yet, both the uncharged and charged conduct feature the transportation of drugs through a commercial mail carrier. Corporate accounts as well as fake names were employed. Furthermore, both prior to and during the charged conspiracy, Defendants Jones and Washington allegedly used the Tender Touch Lounge to conduct drug conspiracies. Therefore, the charged and uncharged conduct share not only the method by which drugs were obtained, but also the place where they were distributed. Thus, the two conspiracies are sufficiently similar as to be the handiwork of the same person. This underlines the importance of Person #5's testimony that he and Person #6 taught Defendant Jones this system of drug transportation, and also that Defendant Jones participated in a prior drug conspiracy utilizing this same system. Hence, testimony from Person #5 and Person #6 as to Defendant Jones's participation in a prior conspiracy, as well as their testimony regarding the Tender Touch Lounge is admissible under Rule 404(b) as proof of a common scheme or plan.

Hence, in the matter at hand, the testimony of Person #5 and Person #6 proffered by the Government as proof of Defendant Jones's participation in a prior drug conspiracy and in corroboration of the same is admissible under Rule 404(b) for the purpose of proving Defendant Jones's knowledge and intent, as well as a common plan. Person #5's testimony regarding Defendant Jones pooling money with Person #5 and Person #6; teaching Defendant Jones the system used by Person #5 and Person #6; and Defendant Jones receiving Federal Express

---

[39] Id.

9

packages containing cocaine at his home and the apartment used by Person #5 and Person #6 is all admissible for this purpose. Furthermore, the following testimony from Person #6 is also admissible to prove Defendant Jones's participation in a prior drug conspiracy and as corroboration of Person #5's testimony: Person #5 and Person #6 used Federal Express to ship cocaine into Philadelphia; Defendant Jones was a cocaine customer of Person #5; Defendant Jones stopped by the apartment used by Person #5 and Person #6 to pick up kilograms of cocaine; and Defendant Jones asked Person #6 after his arrest if Person #5 was cooperating with law enforcement and responsible for Defendant Jones's arrest.

In addition, testimony relating to the use of the Tender Touch Lounge by Defendant Jones and Washington to conduct drug transaction is admissible under Rule 404(b) as proof of a common scheme. As a result, Person #6 may testify to seeing Defendant Jones at the Tender Touch Lounge; and Person #5 may testify to meeting Defendant Jones at the Tender Touch Lounge, as well as seeing Defendant Jones and Defendant Washington conducting drug transactions therein. This final piece of testimony from Person #5 is also admissible under Rule 404(b) to demonstrate Defendants Jones and Washington's "familiarity with one another, and their concert of action."[40]

As the testimony of Person #5 and Person #6 is proffered for a proper purpose under Rule 404(b), it will be admitted as long as it is relevant and its probative value outweighs its potential for unfair prejudice.[41] Evidence of Defendant Jones's participation in a prior, uncharged drug

---

[40] United States v. O'Leary, 739 F.2d 135, 136 (3d Cir. 1984).

[41] For any Rule 404(b) evidence it decides to admit, the Court will "charge the jury to consider the evidence only for the limited purpose for which it is admitted." Vega, 285 F.3d at 261; see Model Third Circuit Criminal Jury Instruction § 4.29. As the Court will charge the jury appropriately, this requirement of Rule 404(b) will not bar the admission of evidence.

10

conspiracy with so many similarities to the charged conspiracy is certainly relevant, as it makes Defendant Jones's participation in the charged conspiracy more likely. Moreover, such evidence also makes it more likely that Defendant Jones acted knowingly and with the requisite intent. In addition, Defendant Jones and Washington conducting drug transactions at the Tender Touch Lounge is also relevant, as it is another similarity between the prior and the charged conspiracies, and it makes it more likely that the defendants were co-conspirators during the charged conspiracy. Thus, the Rule 404(b) evidence at issue here is relevant.

Defendant Jones argues that this testimony should be excluded under Rule 403, because of its limited probative value and its high potential for unfair prejudice.[42] As explained *supra*, the probative value of Rule 404(b) evidence is particularly high "when the charged offense involves a conspiracy."[43] In this case, defendants are each charged with participating in a drug conspiracy. Morever, the testimony of Person #5 and Person #6 is significantly probative of Defendant Jones's knowledge and intent, as well as Defendants Jones and Washington's relationship as co-conspirators. In addition, the many similarities between the charged and uncharged conspiracies increase the probative value of the challenged evidence. While some prejudice may accrue from admitting the evidence of prior crimes and bad acts by Defendants Jones and Washington, this evidence neither overly prejudicial nor does it "rise to the level of distracting, confusing or emotionally charged evidence from which Rule 403 protects a criminal defendant."[44] Thus, the Court is unpersuaded by Defendant Jones's argument, because the

---

[42] Def. Jones's Resp. at 10.

[43] Cross, 308 at 324.

[44] Butch, 256 F.3d at 176 (internal quotation marks and citation omitted).

probative value of the testimony of Person #5 and Person #6 is not substantially outweighed by its potential for unfair prejudice.

The Government seeks to admit testimony from Person #5 and Person #6 of prior crimes and bad acts by Defendants Jones and Washington under Rule 404(b).  The Court will admit this testimony under Rule 404(b) because it is proffered for a proper purpose under Rule 404(b), it is relevant and its probative value is not substantially outweighed by its potential for unfair prejudice.

An appropriate Order follows.